Verdict for the plaintiff for $65, with interest from the first of May 1831.

The defendant moved for a new trial on the ground that the verdict was against the evidence, and the instruction of the court upon the point of want of notice. But the court overruled the motion.

---

## Case No. 2,184.

### BURNS v. SIM.

[2 Cranch, C. C. 75.][1]

Circuit Court, District of Columbia. June Term, 1813.

BAIL—DISCHARGE OF PRINCIPAL IN INSOLVENCY—EXONERATION OF SURETY—FRAUD IN CONTRACTING DEBT.

1. If the principal has been discharged under the insolvent law of Maryland, the bail will be discharged.

2. Upon a motion to exonerate the bail, the court will not receive evidence of fraud in the principal in contracting the debt.

Mr. Law, for the defendant, offered evidence of the discharge of the principal under the insolvent act of Maryland, and prayed an exoneretur of the bail.

Mr. Caldwell, for the plaintiff, objected, and alleged fraud of the principal in contracting the debt with a view to insolvency.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that fraud could not be examined into in this way, but that the certificate of discharge was conclusive, unless set aside in the manner provided for by the law of Maryland.

---

BURNS (UNITED STATES v.). See Case No. 14,691.

BURNS (WHITE v.). See Case No. 17,539.

BURNSIDE (PALMER v.). See Case No. 10,-685.

[1] [Reported by Hon. William Cranch, Chief Judge.]